UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                    Case No. 8:11-bk-16427-MGW
                                                                                          Chapter 7
Wayne J. Moseley,

      Debtor.
_____/

**MEMORANDUM OPINION ON MOTION FOR
EXTENSION OF TIME TO OBJECT TO DISCHARGE
AND DETERMINE DISCHARGEABILITY OF DEBT**

      Ordinarily, a creditor must seek an extension of the deadline for objecting to a debtor's discharge or the deadline for determining that a debt is nondischargeable before the original deadline has expired. Federal Rule of Bankruptcy Procedure 4004, however, provides an exception where the creditor does not learn of the basis for the objection to the debtor's discharge until after the deadline has expired. Rule 4007, governing the dischargeability of debts, does not provide a similar exception.

      Here, ARC Pool 1, LLC failed to timely object to the Debtor's discharge or seek a determination that its debt is nondischargeable. ARC now wants to extend the deadlines for objecting to discharge and determining the dischargeability of its debt. But it failed to move for an extension of time before the original deadlines expired. Fortunately for ARC, the facts of this case fall within the exception in Rule 4004 permitting a creditor to move for an extension of time to object to discharge after the deadline has expired. On the other hand, no similar exception exists under Rule 4007 for extending the deadline for determining the dischargeability of a debt. And for the reasons discussed below, the Court has no discretion to equitably toll that deadline. Accordingly, the Court will extend the deadline for ARC to object to the Debtor's discharge, but

it will deny ARC's request to extend the deadline for seeking a determination that its debt is nondischargeable.

## Background

ARC held a mortgage on real property owned by the Debtor. ARC sued the Debtor in state court to foreclose its mortgage on the property. The state court entered a final judgment of foreclosure on June 13, 2011. Before the foreclosure sale took place, however, the Debtor filed for bankruptcy. So ARC moved for relief from the automatic stay to proceed with the foreclosure sale. The Court granted ARC stay relief, and the foreclosure sale took place on November 29, 2011. ARC was the high bidder at the foreclosure sale. But ARC did not gain access to the property until December 13, 2011, when the state court ratified the foreclosure sale.

ARC alleges that when it was finally entered the property on December 13, 2011, it discovered that the Debtor had caused extensive damage (in excess of $100,000) to the property. According to ARC, the Debtor removed kitchen cabinets, appliances, and counters and caused damage to interior walls and the bathrooms at the property. ARC claims the damage the Debtor caused to the property may preclude entry of a discharge under Bankruptcy Code § 727(a) and possibly render ARC's debt nondischargeable under Bankruptcy Code § 523. The problem, from ARC's standpoint, is that the deadline for objecting to the Debtor's discharge or the dischargeability of ARC's debt expired on December 5, 2011—just over one week before ARC first gained access to the property. Consequently, ARC moved to extend both deadlines.[1]

A chapter 7 debtor generally is entitled to a discharge from all pre-petition debts.[2] That discharge, however, is intended only to give a "fresh start" to the "honest but unfortunate

---

[1] Doc. No. 24 (the "Motion").

[2] *United States v. Jacobs (In re Jacobs)*, 490 F.3d 913, 921 (11th Cir. 2007); *United States v. Fretz (In re Fretz)*, 244 F.3d 1323, 1326 (11th Cir. 2001).

debtor."[3] For that reason, Congress created various exceptions to the dischargeability of certain debts.[4] Congress also created various exceptions to a debtor receiving a discharge in general.[5] To object to a debtor's discharge or the dischargeability of a debt, a creditor must file an adversary proceeding. The deadline for filing a complaint objecting to a debtor's discharge is 60 days after the first date set for the § 341 creditor's meeting.[6] The same is true for a complaint to determine that a debt is nondischargeable under Bankruptcy Code § 523(c).[7] There is no dispute that ARC missed the deadline for filing either. The issue, then, is whether either deadline can be extended.

## Conclusions of Law[8]

Under Rule 4004, a motion to extend the deadline for filing an objection to discharge may be filed after the deadline has expired provided (i) a discharge has not been entered; (ii) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under Bankruptcy Code § 727(d); and (iii) the party seeking the extension did not have knowledge of the facts in time to permit an objection.[9] The Court is satisfied all three criteria are established here. Accordingly, the Court concludes it is appropriate to extend the deadline for ARC to file an objection to the Debtor's discharge.

Whether the Court can extend the deadline for filing a complaint to determine the dischargeability of a debt is a tougher question. That is because Rule 4007, unlike Rule 4004,

---

[3] *In re Fretz*, 244 F.3d at 1326.

[4] 11 U.S.C. § 523(a)(1)-(19).

[5] 11 U.S.C. § 727(a)(1)-(12).

[6] Fed. R. Bankr. P. 4004(b).

[7] Fed. R. Bankr. P. 4007(b).

[8] The Court has jurisdiction over this contested matter under section 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

[9] Fed. R. Bankr. P. 4004(b).

does not permit a creditor to file a motion for extension of time after the original deadline has expired. Instead, the plain language of Rule 4007 explicitly provides that any motion for extension of time must be filed before the time has expired. ARC claims that the Court nevertheless is authorized to equitably toll the 60-day deadline under Bankruptcy Code § 105 notwithstanding the plain language of Rule 4007.

As the Supreme Court recognized in *Kontrick v. Ryan*,[10] courts are divided on whether the time limitation in Rule 4007(c) is subject to equitable tolling.[11] Three circuits—the Second,[12] Sixth,[13] and Seventh[14] Circuits—have all held that it is. The Eleventh Circuit, on the other hand, held in *In re Alton* that the Rule 4007(c) limitation is not subject to equitable tolling.[15] There, Bronson Byrd sued the debtor for fraud in state court. While the state court action was pending, the debtor filed for bankruptcy. Although the debtor did provide Byrd notice that he filed for bankruptcy, he did not schedule Byrd as a creditor. So Byrd never received notice of the deadline for filing dischargeability actions from the bankruptcy court. As a consequence, Byrd did not file his dischargeability action until after the deadline had expired. Once he realized his complaint was untimely, he moved to enlarge the deadline. The bankruptcy court denied Byrd's motion for enlargement of time because it was filed after the deadline had already expired.

---

[10] *Kontrick v. Ryan*, 540 U.S. 443 (2004).

[11] *Id.* (comparing *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002) (holding that Rules 4004 and 4007(c) are subject to equitable defenses); *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996) (holding that Rule 4007 is subject to equitable defenses); *with Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988) (Rule 4007(c) is not subject to equitable tolling; *Neeley v. Murchison*, 815 F.2d 345, 346-47 (5th Cir. 1987) (same)).

[12] *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996).

[13] *In re Maughan*, 340 F.3d 337, 54 (6th Cir. 2004).

[14] *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002).

[15] *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988).

On appeal, Byrd argued that the Eleventh Circuit should reverse the bankruptcy court because (i) he never received notice of the Rule 4007(c) deadline from the bankruptcy court; (ii) his failure to receive notice of that deadline violated his Fifth Amendment due process rights; and (iii) equity demanded that he be allowed to file his dischargeability action because the debtor's own conduct caused him to miss the Rule 4007(c) deadline.[16] Despite recognizing that there were "some disturbing aspects" to the case, the Eleventh Circuit rejected each of Byrd's arguments. According to the Eleventh Circuit, the plain language of Rule 4007(c) prohibited the bankruptcy court from granting a motion to extend the deadline for filing dischargeability actions:

> The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of that period. There is "almost universal agreement that the provisions of [Rule 4007(c)] are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint."[17]

Under *In re Alton*, then, this Court has no discretion to extend the deadline for ARC to file its dischargeability action.

The only question remaining is whether *In re Alton* is still good law after the United States Supreme Court's decision in *Kontrick v. Ryan*.[18] In *Kontrick*, Robert Ryan filed a complaint objecting to Kontrick's discharge under Bankruptcy Code § 727(a)(2)-(5). The bankruptcy court granted summary judgment in favor of Ryan. Kontrick then moved for reconsideration, arguing for the first time that the bankruptcy court was powerless to adjudicate

---

[16] *Id.* at 458.

[17] *Id.* at 459 (emphasis in original).

[18] 540 U.S. 443 (2004).

Ryan's complaint because it was untimely under Rule 4004(a) and (b). The bankruptcy court denied Kontrick's motion for reconsideration.

On appeal, the Supreme Court affirmed the bankruptcy court. Initially, the Supreme Court noted that the case did not involve equitable tolling or any other equitable exception to Rule 4004.[19] The issue, instead, was whether the time limitation in Rule 4004 was jurisdictional.[20] The Supreme Court ultimately decided it was not. According to the Supreme Court, only Congress may determine a federal court's subject matter jurisdiction.[21] And the statutory provision conferring jurisdiction over discharge actions—28 U.S.C. § 157—does not contain any time limitation. The time limitation is in Rule 4004. "'It is axiomatic,' however, that the federal rules of bankruptcy procedure 'do not create or withdraw federal jurisdiction.'"[22] Accordingly, the Court held that the filing deadline in Rule 4004 is merely a claims processing rule; it does "not delineate what cases bankruptcy courts are competent to adjudicate."[23]

At least one court has suggested that *Alton* is no longer good law after *Kontrick*.[24] According to the court in *In re Rychalsky*, the *Alton* court held that the Rule 4007 deadline for filing dischargeability actions could not be equitably tolled because that deadline was jurisdictional in nature. Now that the Supreme Court has ruled that Rule 4004 is not jurisdictional, so the reasoning goes, *Alton* is no longer persuasive.

---

[19] *Id.* at 456-57 (explaining that "[w]hether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach") (footnote omitted).

[20] *Id.* at 452.

[21] *Id.* 452-53.

[22] *Id.* at 453 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U. S. 365, 370 (1978)).

[23] *Id.* at 454.

[24] *In re Rychalsky*, 318 B.R. 61, 63 (Bankr. D. Del. 2004).

There are two problems with that analysis. First, the holding in *Alton* was not premised on the deadline in Rule 4007 being jurisdictional. In fact, the word "jurisdiction" does not appear at all in *Alton*. Nor does it appear in either of the two cases—*Neeley v. Murchison*[25] and *In re Maher*[26]—that *Alton* principally relies on. To be sure, some courts have relied on the Rule 4007 deadline being jurisdictional in nature in refusing to extend the deadline for filing dischargeability actions.[27] *Alton*, however, was not one of them. Second, the *Kontrick* Court specifically declined to address whether the deadline in Rule 4007 may be equitably tolled. For those reasons, *Alton* is still binding precedent in the Eleventh Circuit. And because *Alton* remains binding precedent in the Eleventh Circuit, the Court has no choice but to deny ARC's Motion to the extent it seeks to extend the deadline for filing a dischargeability action.

It is worth noting that this result is not as harsh as it may appear at first glance. There is a sound policy reason for permitting a creditor to extend the deadline for objecting to a debtor's discharge under § 727 even after the original deadline has expired. Many of the acts giving rise to the objection would not occur until after the petition date and, in some cases, after the original deadline has expired. For instance, a debtor is not entitled to a discharge if the debtor transfers, destroys, or conceals property of the estate after the petition date. But if the debtor transfers, destroys, or conceals the property after the deadline for objecting to a discharge, creditors would effectively be without any remedy were it not for the language in Rule 4004 permitting an enlargement of time to object to the debtor's discharge after the original deadline has expired. The same is not true for determining the dischargeability of a particular debt under § 523.

---

[25] 815 F.2d 345 (5th Cir. 1987).

[26] 51 B.R. 848 (Bankr. N.D. Iowa 1985).

[27] *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 247-48 (4th Cir. 1994).

Generally the acts giving rise to a nondischargeable debt occur prepetition. In fact, in many cases a creditor has already filed a lawsuit or even obtained a judgment for the underlying debt by the time that the bankruptcy case is filed. Once a case is filed, a creditor has a minimum of 60 (and more likely 80-100) days after the petition date—not to mention the time before the petition date—to investigate whether its debt is nondischargeable. As part of this investigation, after it obtained stay relief, ARC could have requested the state court to permit ARC to inspect its collateral to determine whether there was any damage. If the Rule 4007 deadline was about to expire before ARC had a chance to inspect its collateral, it could have sought an enlargement of time to permit it to conduct an inspection.

That only leaves situations where the acts giving rise to the nondischargeable debt occur postpetition (or worse, after the deadline for filing a complaint to determine the dischargeability of a debt). For instance, the Debtor may have damaged ARC's collateral after he filed for bankruptcy. If that were the case, then ARC, of course, may not have had an opportunity to inspect its collateral before the deadline for having its debt determined to be nondischargeable. Then again, it would not need to file a complaint to have its debt determined nondischargeable. That is because the discharge under § 727 only applies to prepetition debts.[28] If the Debtor damaged or destroyed ARC's collateral after the petition date, ARC would likely have a state law tort claim that arose postpetition. And that debt, therefore, would be nondischargeable under § 727(b). So refusing to extend the deadline for seeking a determination of the dischargeability of a debt does not impact the diligent creditor.

## Conclusion

For the reasons set forth above, the Court has no choice but to deny ARC's Motion to the extent it seeks to extend the deadline for filing a dischargeability action. ARC, however, falls

---

[28] 11 U.S.C. § 727(b).

within the exception for extending the deadline to object to the Debtor's discharge. So the Court will grant ARC's Motion to the extent it seeks to extend the deadline for objecting to the Debtor's discharge. The Court will enter a separate order consistent with this Memorandum Opinion.

**DATED** in Chambers at Tampa, Florida, on  April 20, 2012 .

Michael G. Williamson
United States Bankruptcy Judge

**William E. Grantmyre, Jr., Esq.**
**Wanda D. Murray, Esq.**
Attorneys for Arc Pool 1, LLC

**Timothy S. Owens, Esq.**
Attorney for Debtor